IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYN C. BLAND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 2:04cv1333 |
| ) | |
| SMS DEMAG, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition are PLAINTIFF'S PETITION FOR AN AWARD OF MONETARY DAMAGES, PREJUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS ("Petition"), with brief in support (*Document Nos. 43 & 44*), and PLAINTIFF'S SUPPLEMENTAL PETITION FOR AN AWARD OF MONETARY DAMAGES, PREJUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS ("Supplemental Petition") (*Document No. 57*).

In addition to extensive briefing by the parties, the Court conducted an evidentiary hearing on May 4, 2006 to hear testimony on disputed issues of fact regarding the credibility of William D. Clifford, Esquire ("Attorney Clifford"), the accuracy of his billing records and the reasonableness of his requested attorney's fees. On May 23, 2006, the Court entered its Findings of Fact, Conclusions of Law and Order of Court (*Document No. 74*). In summary, the Court found that the factors set forth in *Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir.1983) favored an award of attorney's fees under 29 U.S.C. § 1132(g), that Attorney Clifford had reasonably spent 167.2 hours of compensable attorney time on this matter, and that Defendant's attack upon Attorney Clifford's credibility was without merit. However, the Court also found that Attorney Clifford had not properly established the reasonableness of his requested hourly rate ($250.00 per hour), and that his failure to do so was excusable. Therefore, the Court afforded Attorney Clifford an additional period of time to submit proper evidence of the reasonableness of his hourly rate.

Attorney Clifford has now submitted his SUPPLEMENT TO PLAINTIFF'S PETITION FOR AN AWARD OF MONETARY DAMAGES, PREJUDGMENT INTEREST,

ATTORNEYS' FEES AND COSTS (*Document No. 75*), which includes Attorney Clifford's own affidavit and the Declaration of Attorney William T. Payne.  In response thereto, Defendant has filed a SUPPLEMENT TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION FOR AN AWARD OF MONETARY DAMAGES, PREJUDGMENT INTEREST, ATTORNEY'S FEES AND COSTS (*Document No. 76*), which includes the Affidavit of defense counsel Kenneth P. McKay.

Discussion

As mentioned above, the Court has already found that Attorney Clifford reasonably spent 167.2 hours of compensable attorney time on this matter.  "After determining the number of hours reasonably expended, the district court must examine whether the requested hourly rate is reasonable."  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community."  *Id*. (*citing Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  "Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id*. (citations omitted).

The Third Circuit has offered the following guidance with respect to establishing a reasonable hourly rate:

> Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the community.  A district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather must rely upon the record.  The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a *prima facie* case.  Once the plaintiff has carried this burden, defendant may contest that *prima facie* case only with appropriate record evidence.  In the absence of such evidence, the plaintiff must be awarded attorney's fees at her requested rate.  If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates.

*Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 226 (3d Cir. 1997) (quotations, citations and brackets omitted) (*but cf. Drelles v. Metropolitan Life Ins. Co.*, 90 Fed. Appx. 587 (3d Cir. 2004) (noting that under the Third Circuit's earlier decision in *Blum v. Witco Chem. Corp.*, 829

2

F.2d 367, 377 (3rd Cir.1987), failure to conduct an evidentiary hearing on the reasonableness of an hourly rate is *not* reversible error)).  As noted by the *Smith* court, "[t]he Supreme Court has stated that the fee applicant [must] produce satisfactory evidence - *in addition to the attorney's own affidavits* - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Smith*, 107 F.3d at 225 n.2 (*quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984) (italics and brackets added by the *Smith* court).

Up until this point in time no such evidence had been submitted by Attorney Clifford.  However, Attorney Clifford has submitted the Declaration of William T. Payne.  The Declaration reflects that Attorney Payne has considerable experience in the area of ERISA litigation in this District and beyond.  As to the reasonableness of Attorney Clifford's request for $250.00 per hour,[1] the Declaration states as follows:

> I have reviewed the opinions of U.S. District Judge Terrence F. McVerry dated August 27, 2005 and May 23, 2006.  In addition, I have reviewed the Affidavit of William Clifford executed June 5, 2006 in this matter.  Based on that review, my knowledge of and experience in the field of ERISA litigation and my understanding of the experience of William Clifford as outlined in his Affidavit, the rate charged by Mr. Clifford is reasonable and well within the range of those for which counsel successfully litigating ERISA cases are compensated in this community.

Declaration, ¶ 12.

The Court finds that the Declaration of William T. Payne establishes that $250.00 per hour is "a reasonable market rate for the essential character and complexity of the legal services rendered." *Smith*, 107 F.3d at 226.  The Declaration reflects, *inter alia*, that Attorney Payne has "extensive experience litigating ERISA matters in the United States District Court for the Western District of Pennsylvania and [is] quite familiar with prevailing rates for handling ERISA matters in this community."  Declaration, ¶ 10.  In sum, Attorney Payne is more than qualified to

---

[1] Attorney Clifford sought $250.00 per hour in the Petition, but only sought $200.00 per hour for the work at issue in the Supplemental Petition.  See Findings of Fact and Conclusions of Law at 3 n.1.  He now explains that the discrepancy was due to a typographical error.  Supplement to Plaintiff's Petition at ¶ 3.  The Court accepts his representation that the correct rate for all of his time is $250.00 per hour.

render an opinion as to the reasonableness of attorney's fees in an ERISA action, and he has properly done so in this case by way of his Declaration.  Therefore, Attorney Clifford has made out a *prima facie* case that his requested rate is reasonable.  *Smith*, 107 F.3d at 226.

"Once the plaintiff has carried this burden, defendant may contest that *prima facie* case only with appropriate record evidence."  *Id*.  The Court finds that Defendant has not contested Attorney Clifford's *prima facie* case with appropriate record evidence.  Defendant has not submitted evidence or an opinion from a neutral and disinterested authority in the field of ERISA litigation.  As for the Affidavit of Kenneth P. McKay, which has been fully considered as the argument of counsel, the Court finds that the Affidavit does not amount to "appropriate record evidence."  Instead, the Affidavit amounts no more than the argument of Defendant's counsel.  Accordingly, the Court will calculate Attorney Clifford's compensation at the reasonable rate of $250.00 per hour.

"Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar."  *Rode*, 892 F.2d at 1183.  "The lodestar is presumed to be the reasonable fee."  *Id*. (*citing Blum*, 465 U.S. at 897).  "However, the district court has the discretion to make certain adjustments to the lodestar."  *Rode*, 892 F.2d at 1183.  "The party seeking adjustment has the burden of proving that an adjustment is necessary.  *Id*. (citation omitted).

As mentioned above, the Court finds that Attorney Clifford is entitled to compensation for 167.2 hours of attorney time, and that $250.00 per hour is a reasonable rate.  The Court has fully considered Defendant's arguments regarding the reasonableness of the hourly rate, as well as Defendant's other, more generalized arguments in favor of reducing the award.  *See, e.g.,* Affidavit of Kenneth P. McKay at ¶ 12.  The Court recognizes Defendant's contention that $250.00 per hour "would represent a windfall to Mr. Clifford" and "is inconsistent with the objective of attorneys' fee recovery under ERISA," but does not agree with those contentions.  In other words, Defendant has not met its "burden of proving that an adjustment is necessary."  *Rode*, 892 F.2d at 1183.  Therefore, the Court will award Attorney Clifford the sum of $41,800.00 pursuant to 29 U.S.C. § 1132(g).

<u>Conclusion</u>

For the reasons hereinabove stated, the Court finds that Attorney Clifford is entitled to compensation for 167.2 hours of attorney time, and that a reasonable hourly rate is $250.00 per hour.  Therefore, the Court awards Attorney Clifford the sum of $41,800.00 pursuant to 29 U.S.C. § 1132(g).  An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYN C. BLAND, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) 2:04cv1333 |
| SMS DEMAG, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 30th day of June, 2006, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1) Plaintiff's Petition for an Award of Monetary Damages, Prejudgment Interest, Attorneys' Fees and Costs (*Document No. 43*) and Plaintiff's Supplemental Petition for an Award of Monetary Damages, Prejudgment Interest, Attorneys' Fees and Costs (*Document No. 57*) are **GRANTED** to the extent that those Petitions seek compensation for a total of 167.2 hours of attorney time at the rate of $250.00 per hour, but otherwise the Petitions are **DENIED**;

2) Defendant shall compensate Attorney Clifford for 167.2 hours of attorney time at the rate of $250.00 per hour, for a total of $41,800.00 pursuant to 29 U.S.C. § 1132(g), on or before **July 14, 2006**; and

3) The Court will enter a judgment in favor of Plaintiff and against Defendant for monetary damages in the amount of $7,601.52 and prejudgment interest in the amount of $118.98, for a total amount of $7,720.50.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: William D. Clifford, Esquire
Email: wclifford@dmclaw.com

David B. Fawcett, Esquire
Email: dfawcett@dmclaw.com

Kenneth P. McKay, Esquire
Email: ken@mckaylaw.com